UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:25-cv-00301

————

**Philip James Emerson, Jr.,**
*Plaintiff,*

v.

**Michael Chilson et al.,**
*Defendants.*

————

# ORDER

Plaintiff initiated this case under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the claims against all defendants, besides Michael Chilson and Jerry Hirsch, be dismissed with prejudice. Doc. 23 at 6. Plaintiff objected to the report. Doc. 26.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff objects to the application of judicial immunity to his claims against Judge Parker. He argues that Judge Parker's actions are non-judicial in nature because he committed errors in completing a bail form. Doc. 26 at 3. Acts that are normally performed by a judge in his judicial capacity are "judicial in nature." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). A plaintiff cannot overcome judicial immunity by alleging that the actions were erroneous or ill-

intended. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–62 (1978)). Plaintiff failed to state a claim on which relief may be granted against Judge Parker.

Plaintiff objects to the recommendation of dismissal for his failure-to-train claim against the district attorney, Angela Albers. Plaintiff alleges that three criminal proceedings were initiated against him relying on conflicting affidavits, resulting in an inference that Albers did not properly train her subordinates. Doc. 26 at 6. Plaintiff submits that the allegedly false criminal complaints submitted against him show a causal link between a failure to train or supervise and the violation of his constitutional rights, as well as deliberate indifference. Doc. 26 at 6–7. These conclusory statements that Albers provided no supervision or training of her subordinates are insufficient to state a viable claim for relief. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Next, plaintiff objects to the dismissal of his claim against Wood County. Plaintiff alleges that Wood County has "official policies and customs established by the Sheriff concerning (a) the [Holly Lake Ranch Association]'s and its [security guard]s' power to seize people and property, (b) securing warrants of arrest through false testimony, (c) interfering with use and enjoyment of business property, (d) interfering with civil property disputes, (e) citizens' right to criticize government officials, and (f) [Wood County Sheriff's Office] employee and contractor theft of property." Doc. 18 at 10. Again, plaintiff puts forth conclusory statements that policies exist instead of providing facts that identify an official policy. Plaintiff has not stated a claim for municipal liability.

Finally, plaintiff objects to the dismissal of defendants Chilson and Hirsch. Yet, the report does not recommend dismissal of either of these defendants. Doc. 23 at 6. The objection lacks merit and is overruled.

Having reviewed the magistrate judge's report de novo and being satisfied that it commits no error, the court overrules

plaintiff's objections and accepts the report's findings and recommendation. The court dismisses the claims asserted against defendants Albers; Parker; Holly Lake Ranch Association, Inc.; Jerry Clark Nunnally, Jr.; Wood County, Texas; S&R Towing and Recovery, LLC; Stetson Gage; and Kristina Paige Horn with prejudice for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2).

*So ordered by the court on June 9, 2026.*

J. CAMPBELL BARKER
United States District Judge